# Exhibit A



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC 20410-2000

ASSISTANT SECRETARY FOR
FAIR HOUSING AND EQUAL OPPORTUNITY

February 11, 2021

MEMORANDUM FOR:   Office of Fair Housing & Equal Opportunity
Fair Housing Assistance Program Agencies
Fair Housing Initiatives Program Grantees

FROM:  Jeanine M. Worden, Acting Assistant Secretary for Fair Housing & Equal Opportunity

SUBJECT:  Implementation of Executive Order 13988 on the Enforcement of the Fair Housing Act

      On January 20, 2021, President Biden issued [Executive Order 13988 on Preventing and Combating Discrimination on the Basis of Gender Identity or Sexual Orientation](#). The Executive Order addresses the Supreme Court's recent decision in *Bostock v Clayton County,* which held that the prohibitions against sex discrimination in the workplace contained in Title VII of the Civil Rights Act of 1964 extend to and include discrimination on the basis of sexual orientation and gender identity. Relying on this landmark decision, the Executive Order directs every federal agency to assess all agency actions taken under federal statutes that prohibit sex discrimination and to fully enforce those statutes to combat discrimination based on sexual orientation and gender identity. HUD's Office of General Counsel has concluded that the Fair Housing Act's sex discrimination provisions are comparable to those of Title VII and that they likewise prohibit discrimination because of sexual orientation and gender identity. Therefore, I am directing HUD's Office of Fair Housing and Equal Opportunity (FHEO) to take the actions outlined in this memo to administer and fully enforce the Fair Housing Act to prohibit discrimination because of sexual orientation and gender identity.

      At the core of this Department's housing mission is an endeavor to ensure that all people peacefully enjoy a place they call home, where they are safe and can thrive, free from discrimination and fear. Yet, this ideal remains unrealized for lesbian, gay, bisexual, transgender, and queer-identifying persons, who have been denied the constitutional promise of equal protection under the law throughout most of American history. Courts and governments have routinely withheld legal legitimacy from loving couples because of their sex and denied many persons the freedom to express a gender that defies norms. These injustices have perpetuated across our civic institutions: the workplace, the marketplace, places of education, and many others. But among the most personal and fundamental of these institutions is housing, where, when granted the protection of fair housing law, we all can enjoy the happiness and freedom to love whom we choose and to safely express who we are.

      We know this discrimination is real and urgently requires enforcement action. HUD-funded housing discrimination studies indicate that same-sex couples and transgender persons in

communities across the country experience demonstrably less favorable treatment than their straight and cisgender counterparts when seeking rental housing.

Over the past 10 years, the Department has sought to address housing discrimination on the basis of sexual orientation and gender identity to the extent possible in a dynamic public policy and legal landscape. Beginning in 2012, HUD promulgated a series of rules to ensure that every person has equal access to HUD programs without being arbitrarily excluded, regardless of their sexual orientation, gender identity, or marital status. In its 2016 harassment rule, HUD reaffirmed its legal interpretation that the Fair Housing Act's protection from discrimination because of sex included discrimination because of gender identity. Also in 2016, FHEO instructed regional offices that discrimination because of real or perceived gender identity is sex discrimination under the Fair Housing Act, and that discrimination against persons because of sexual orientation may be sex-based discrimination when motivated by perceived nonconformity with gender stereotypes.

This limited enforcement of the Fair Housing Act's sex discrimination prohibition, while a step forward, is insufficient to satisfy the Act's purpose of providing fair housing throughout the United States to the full extent permitted by the United States Constitution. It is also inconsistent with the Supreme Court's interpretation of discrimination because of sex under *Bostock*, and it fails to fully enforce the provisions of the Fair Housing Act to combat discrimination on the basis of sexual orientation and gender identity in accordance with Executive Order 13988. For these reasons, I have determined that the following actions are necessary.

Effective immediately, FHEO shall accept for filing and investigate all complaints of sex discrimination, including discrimination because of gender identity or sexual orientation, that meet other jurisdictional requirements. Where reasonable cause exists to believe that discrimination because of sexual orientation or gender identity has occurred, FHEO will refer a determination of cause for charge by HUD's Office of General Counsel. Moreover, if discrimination because of gender identity or sexual orientation occurs in conjunction with discrimination because of another protected characteristic, all such bases shall be included within the complaint, investigated, and charged where reasonable cause exists. Similarly, FHEO shall conduct all other activities involving the application, interpretation, and enforcement of the Fair Housing Act's prohibition on sex discrimination to include discrimination because of sexual orientation and gender identity.

This memorandum also affects state and local agencies that enter into agreements with the Department under the Fair Housing Assistance Program (FHAP), pursuant to which such agencies process discrimination complaints under laws that the Department certifies as "substantially equivalent" to the Fair Housing Act. In order for FHAP agencies' laws to remain substantially equivalent, they must be administered consistent with *Bostock*. To be consistent with *Bostock*, the state or local law either must explicitly prohibit discrimination because of gender identity and sexual orientation or must include prohibitions on sex discrimination that are interpreted and applied to include discrimination because of gender identity and sexual orientation. HUD will provide further instruction and technical assistance to FHAP agencies on the implementation of *Bostock*.

Similarly, organizations and agencies that receive grants through HUD's Fair Housing Initiative Program (FHIP), in carrying out activities under these grant agreements, must interpret sex

discrimination under the Fair Housing Act to include discrimination because of sexual orientation and gender identity. FHIP provides funds to public and private not-for-profit entities to conduct various activities to prevent or eliminate discriminatory housing practices. These activities provide important support to the full enforcement of the Fair Housing Act by informing the public about fair housing rights and obligations; detecting discriminatory conduct through investigation and testing; and assisting persons to file complaints and obtain relief through legal and administrative forums. HUD will provide further instruction and technical assistance to FHIP organizations on the implementation of this order.

In accordance with this directive to fully enforce the Fair Housing Act's prohibitions against discrimination because of sex, including sexual orientation and gender identity, FHEO Regional Offices, FHAP agencies and FHIP grantees are instructed to review, within 30 days, all records of allegations of discrimination (inquiries, complaints, phone logs, etc.) received since January 20, 2020. They are instructed to notify persons who alleged discrimination because of gender identity or sexual orientation that their claims may be timely and jurisdictional for filing.

The Department is committed to delivering the full promise of the Fair Housing Act. Our FHEO offices across the country are open and ready to assist persons who believe they have experienced discrimination because of sexual orientation or gender identity. We will collaborate with our FHIP and FHAP partners, particularly over the next several months, to fully engage our fair housing enforcement, advocacy, and public education efforts across the housing market to prevent and combat discrimination because of sexual orientation and gender identity. I am deeply proud of the Department's commitment to fair housing and the enormous contribution our FHIP and FHAP partnerships bring to the nation's fair housing mission. Together, I know we will forge a path to the eradication of housing discrimination for all.