IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| THE SCHOOL OF THE OZARKS, INC., D/B/A COLLEGE OF THE OZARKS,<br><br>*Plaintiff,*<br><br>v.<br><br>**JOSEPH R. BIDEN, JR.**, in his official capacity as President of the United States; **U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**; **MARCIA L. FUDGE**, in her official capacity as Secretary of the U.S. Department of Housing and Urban Development; **JEANINE M. WORDEN**, in her official capacity as Acting Assistant Secretary for Fair Housing & Equal Opportunity of the U.S. Department of Housing and Urban Development,<br><br>*Defendants.* | Civil Case No.: 6:21-cv-3089 |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
AND FOR A PRELIMINARY INJUNCTION**

**ORAL ARGUMENT REQUESTED**

Under Federal Rule of Civil Procedure 65, Plaintiff College of the Ozarks moves for a temporary restraining order and a preliminary injunction on claims 1, 2, 3, 5, and 6 of the Complaint, and it requests oral argument under Local Rule 7.0(e).

On his first day in office, President Biden issued an Executive Order ending private religious colleges' single-sex housing. Under the President's Executive Order and a subsequent implementing directive, the U.S. Department of Housing and Urban Development (HUD) has purported to extend the Fair Housing Act's prohibition on sex discrimination to any distinctions based on sexual orientation and gender identity. This mandate, which HUD calls a "directive" and which President Biden calls a "rule change," applies to student housing at private religious colleges, and forces colleges to let biological males occupy single-sex female residence halls if

1

males assert a female gender identity. Males must be allowed to share female communal showers and must even be eligible to be randomly placed as females' roommates. Because the Fair Housing Act (FHA) and its regulations prohibit "statements" and "notices" that are deemed discriminatory, the directive also censors colleges from even telling their students the college's religious position is that dormitories are or should be single-sex. The directive also bans Colleges from having a housing code of conduct under which students agree to refrain from sexual relations outside of a marriage between one biological man and one biological woman. The directive imposes these mandates and speech restrictions under threat of ruinous fines and even jail time.

As a private religious college with single-sex student housing, the College of the Ozarks has an urgent need for a temporary restraining order and a preliminary injunction. The College houses 1,300 students in single-sex residence halls under a religiously based code of conduct, and the College is engaging in ongoing communications with students for current and future housing. Without emergency injunctive relief, the College faces massive fines, investigatory burdens, and suppression of its policies and speech from the federal government.

As explained in the Suggestions in Support, the federal government's new directive is unlawful and should be enjoined for at least four reasons.

*First*, the directive is an arbitrary and capricious rule change under the Administrative Procedure Act (APA), 5 U.S.C. § 706, because the government failed to consider the impact on private religious colleges, or alternatives to this mandate.

*Second*, the government issued the directive without notice and an opportunity for comment as required by the APA, the FHA, and HUD's own regulations.

*Third*, the directive is contrary to law under the APA for two reasons. It violated the Appointments Clause of the U.S. Constitution, because rather than having a Senate-confirmed official issue the rule change, the government sought to legislate

by executive fiat through an acting assistant secretary's signature. It also lacks statutory authority because the FHA's sex discrimination provision does not address sexual orientation or gender identity, and the Constitution's clear-notice canon bars the government's newfound view of this Act.

*Fourth*, the directive violates the First Amendment's Free Speech Clause, because it censors the College's speech implementing or supporting its student housing policies, but it allows—and even requires—speech implementing and favoring its own preferred housing policies. The directive thus restricts speech based on both its content and its viewpoint; it compels speech; and it is overbroad because it sweeps in large amounts of speech by hundreds of educational institutions that provide student housing separated by biological sex.

Consequently, the College respectfully asks this Court to enter interim relief on these grounds and enjoin the directive while this case is pending under 5 U.S.C. § 705, 28 U.S.C. §§ 2201–2202, authorizing declaratory and other appropriate relief, and the Court's power to review and enjoin ultra vires or unconstitutional agency action, *see Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 689-91 (1949). In addition to the suggestions offered in support of this motion, the verified complaint and exhibits provide evidentiary support for the motion, and a proposed form of order is attached.

The College thus moves the Court to enjoin the directive, and any enforcement of it by Defendants (including their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this injunction), pending further ruling by this Court. The College asks that persons subject to this injunction be prohibited from taking any action to enforce or investigate an alleged or actual violation of the directive and its requirements. This includes acts by Defendants that tend to prohibit, penalize, or burden private religious educational institutions because they have or implement student housing

policies based on biological sex, because they have or implement codes of student conduct in housing that require sexual relations to be limited to a marriage between one biological man and one biological woman, or because they make any statements or notices about, related to, or substantially equivalent to such policies.

The College also respectfully requests that this Court waive the bond requirement for a preliminary injunction because this case serves the public interest by vindicating its statutory and constitutional rights. *City of Atlanta v. Metro. Atlanta Rapid Transit Auth.*, 636 F.2d 1084, 1094 (5th Cir. 1981) (upholding the waiver of bond where "plaintiffs were engaged in public-interest litigation"). There is no likelihood of harm to defendants, as they already recognize the burden of this directive on religious institutions. *Coquina Oil Corp. v. Transwestern Pipeline Co.*, 825 F.2d 1461, 1462 (10th Cir. 1987) ("[A] trial court may…determine a bond is unnecessary to secure a preliminary injunction if there is an absence of proof showing a likelihood of harm." (quotation omitted)). And the ability to protect constitution "rights should not be contingent upon an ability to pay." *Doctor John's, Inc. v. City of Sioux City*, 305 F. Supp. 2d 1022, 1043-44 (N.D. Iowa 2004). And "requiring a security bond…might deter others from exercising their constitutional rights." *Westfield High Sch. L.I.F.E. Club v. City of Westfield*, 249 F. Supp. 2d 98, 128-29 (D. Mass. 2003).

## CONCLUSION

This Court should enter a temporary restraining order and a preliminary injunction, waiving bond.

Respectfully submitted this 15th day of April, 2021.

| | |
|---|---|
| GREGGORY R. WALTERS<br>IL Bar No. 6256826*<br>ALLIANCE DEFENDING FREEDOM<br>15100 N 90th Street<br>Scottsdale, AZ 85260<br>Telephone: (480) 444-0020<br>Facsimile: (480) 444-0028<br>gwalters@ADFlegal.org<br><br>*Pro hac vice* application forthcoming | *s/ Julie Marie Blake*<br>MATTHEW S. BOWMAN*<br>DC BAR NO. 993261<br>JULIE MARIE BLAKE<br>MO Bar No. 69643<br>ALLIANCE DEFENDING FREEDOM<br>440 First Street, NW, Ste. 600<br>Washington, D.C. 20001<br>Telephone: (202) 393–8690<br>Facsimile: (202) 347–3622<br>mbowman@ADFlegal.org<br>jblake@ADFlegal.org |

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that, in accordance with the Federal Rules of Civil Procedure, a copy of this motion will be served upon the following individuals and agencies via registered or certified mail:

**U.S. Department of Housing and Urban Development**
451 7th Street S.W.,
Washington, DC 20410

**Acting U.S. Attorney Teresa A. Moore**
Attn: Civil-Process Clerk
Western District of Missouri
Charles Evans Whittaker Courthouse
U.S. Attorney's Office
Room 5510
400 East 9th Street
Kansas City, MO 64106

**Attorney General of the United States**
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**Joseph R. Biden, Jr.**
The White House
1600 Pennsylvania Avenue, N.W.
Washington, DC 20500

**Marcia L. Fudge**
Secretary of the U.S. Department of Housing and Urban Development
U.S. Department of Housing and Urban Development
451 7th Street S.W.,
Washington, DC 20410

**Jeanine M. Worden**
Acting Assistant Secretary for Fair Housing & Equal Opportunity of the U.S. Department of Housing and Urban Development
U.S. Department of Housing and Urban Development
451 7th Street S.W.,
Washington, DC 20410

Respectfully submitted this 15th day of April, 2021.

*s/ Julie Marie Blake*
Julie Marie Blake

*Attorney for Plaintiff*
