**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| THE SCHOOL OF THE OZARKS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOSEPH R. BIDEN JR., IN HIS OFFICIAL ) <br> CAPACITY AS PRESIDENT OF THE ) <br> UNITED STATES; et al, ) <br> ) <br> Defendants. ) | Case No. 6:21-03089-CV-RK |

## ORDER

Before the Court is Plaintiff The School of the Ozarks, Inc.'s motion for a temporary restraining order and for a preliminary injunction. (Doc. 2.) The motion is fully briefed. (Docs. 19, 20.) The Court held a hearing May 19, 2021 and **DENIED** the motion. These written reasons follow.

### Background

Plaintiff filed its verified complaint on April 15, 2021, largely challenging a memorandum titled "Implementation of Executive Order 13988 on the Enforcement of the Fair Housing Act"[1] ("Memorandum"). Specifically, the verified complaint (Doc. 1) alleges:

1. the Memorandum is a new legislative rule and should be held unlawful and set aside as an agency action enacted without observance of notice and comment requirements in contravention of 5 U.S.C. § 706(2)(D);

2. the Memorandum should be set aside under 5 U.S.C. § 706(2)(A)-(C), as an agency action "not in accordance with law," "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," or "contrary to constitutional right, power, privilege, or immunity;"

3. the Memorandum should be held unlawful and set aside under 5 U.S.C. § 706(2)(A) as an agency action that is arbitrary, capricious, or an abuse of discretion;

---

[1] U.S. Dep't of Hous. & Urban Dev., Implementation of Executive Order 13988 on the Enforcement of the Fair Housing Act (Feb. 11, 2021), https://www.hud.gov/sites/dfiles/PA/documents/ HUD_Memo_EO13988.pdf.

4. Defendants failed to prepare and make available for public comment an initial and final regulatory flexibility analysis before issuing the Memorandum in violation of 5 U.S.C. § 603(a);

5. Defendant Worden's issuance of the Memorandum violated the Appointments Clause of Article II of the United States Constitution;

6. the Memorandum, its enforcement, or alternatively the Fair Housing Act ("FHA") and its implementing regulations, violate (a) the First Amendment to the United States Constitution's protections of Freedom of Speech, Assembly, and Association, and (b) the Due Process protection afforded by the Fifth Amendment to the United States Constitution;

7. any application or enforcement of the FHA, U.S. Department of Housing and Urban Development ("HUD") regulations, or the Memorandum to discrimination because of sexual orientation or gender identity exceeds Congress's Article I enumerated powers and transgresses on the reserved powers of the State under the Constitution's structural principles of federalism and the Tenth Amendment;

8. the Memorandum, or in the alternative the FHA, and HUD's implementing regulations, are unlawful under 42 U.S.C. § 2000bb et seq. (the Religious Freedom Restoration Act ("RFRA")); and

9. the Memorandum, or in the alternative the FHA, and HUD's implementing regulations, impose an impermissible burden on Plaintiff's religious exercise, its hybrid exercise of free speech and religion, and its hybrid exercise of freedom of association and religion, and do not withstand strict scrutiny analysis in violation of the First and Fifth Amendments to the United States Constitution.

Plaintiff's motion for temporary restraining order and preliminary injunction and suggestions in support were filed contemporaneously with the verified complaint on April 15, 2021. (Docs. 2 and 2-1.) In its motion, Plaintiff sought interim injunctive relief on Claims 1, 2, 3, 5, and 6 of its verified complaint as set forth above. Specifically, Plaintiff asks this Court to:

> [e]njoin the Memorandum and any enforcement of it by Defendants (including their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this injunction), pending further ruling by this Court. Plaintiff asks that persons subject to this injunction be prohibited from taking any action to enforce or investigate an alleged or actual violation of the directive and its requirements. This includes acts by Defendants that tend to prohibit, penalize, or burden private religious educational institutions

2

because they have or implement student housing policies based on biological sex, because they have or implement codes of student conduct in housing that require sexual relations to be limited to a marriage between one biological man and one biological woman, or because they make any statements or notices about, related to, or substantially equivalent to such policies.

## Legal Standard

Standing is a threshold or jurisdictional issue. *See Cook v. ACS State & Local Sols., Inc.*, 756 F.Supp.2d 1104, 1106 (W.D. Mo. 2010). A district court does not have subject matter jurisdiction when a plaintiff lacks standing. *Nelson v. Maples*, 672 F. App'x 621 (8th Cir. 2017) (citing *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002)). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "To establish the 'irreducible constitutional minimum of standing,' [Plaintiff] must show [it has] '(1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged action of [Defendants], and (3) is likely to be redressed by a favorable judicial decision.'" *Yeransian v. B. Riley FBR, Inc.*, 984 F.3d 633, 636–37 (8th Cir. 2021) (quoting *Spokeo*, 136 S. Ct. at 1547).

"An injury-in-fact exists where the plaintiff has sustained, or is in immediate danger of sustaining, a concrete and particularized harm that is actual or imminent, not conjectural or hypothetical." *Philadelphia Indem. Ins. Co. v. Atl. Specialty Ins. Co.*, No. 6:20-CV-03065-MDH, 2020 WL 4819949, at *1 (W.D. Mo. Aug. 19, 2020) (internal quotation marks omitted). Injury is "fairly traceable" to the government action at issue where a causal connection is alleged between the government's action and the plaintiff's injury. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 592 (8th Cir.2009). "Because redressability is an 'irreducible' component of standing . . . no federal court has jurisdiction to enter a judgment unless it provides a remedy that can redress the plaintiff's injury." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801 (2021) (citing *Spokeo*, 578 U.S. at 338).

## Analysis

The Court recognizes the sensitivity and significance of the underlying societal issues of this case. It is this recognition that warrants the Court's caution in making its ruling here and illustrates the importance of employing judicial restraint. Exceeding the case and controversy limitations set forth in Article III of the Constitution constitutes judicial activism and is not the proper role of this Court. While value judgment can play a part in legislation, it is not the place of

judges, whose role is to interpret the law. *See Wisconsin Cent. Ltd. v. United States*, 138 S. Ct. 2067, 2074, (2018) ("Congress alone has the institutional competence, democratic legitimacy, and (most importantly) constitutional authority to revise statutes in light of new social problems and preferences[,]" whereas the courts' role "is to interpret the words consistent with their ordinary meaning ... at the time Congress enacted the statute."). In keeping with the boundaries limiting the role of the courts, this Court is unwilling to decide a Constitutional issue not before it to invalidate legislative or executive actions.

Article III of the Constitution limits federal courts' jurisdiction to certain "Cases" and "Controversies." As the United States Supreme Court has explained, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). "One element of the case-or-controversy requirement" is that plaintiffs "must establish that they have standing to sue." *Id.* (internal quotation marks omitted). Ensuring Article III standing prevents the judicial process from violating the separation of powers of the political branches. *Id.* In light of this purpose, the standing determination is particularly "rigorous when reaching the merits of the dispute would force us to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional." *Id.* (internal quotation marks omitted).

For the reasons below, Plaintiff's motion for temporary restraining order and preliminary injunction is not justiciable as no Article III controversy exists. Plaintiff fails to show the requisite elements of injury-in-fact, causation, and redressability.

### I. Injury-In-Fact

The Court finds Plaintiff fails to demonstrate the requisite element of an injury-in-fact. Plaintiff has not sustained, and is not "in immediate danger of sustaining, a concrete and particularized harm that is actual or imminent, not conjectural or hypothetical." *Philadelphia Indem. Ins. Co.*, 2020 WL 4819949, at * (internal quotation marks omitted). Plaintiff's motion fails to show the Memorandum imposes any restriction, requirement, or penalty on private housing providers, including Plaintiff. Plaintiff has not alleged it is being investigated, charged, or otherwise subjected to any enforcement action pursuant to the Memorandum. The Memorandum does not specify how HUD will determine FHA liability based on *Bostock* in any specific factual

setting or considering potential exemptions. As such, any injury alleged by Plaintiff is not concrete. Accordingly, Plaintiff's Motion fails to establish injury-in-fact as required to establish Article III standing.

## II. Causation

The Court finds Plaintiff does not show any injury that is "fairly traceable" to the government action at issue in that it fails to plausibly allege any causal connection between the Memorandum and any alleged injury. *Braden*, 588 F.3d at 592. Plaintiff's Motion fails to show the Memorandum has the legal authority to define or modify its rights or obligations under the FHA. The Memorandum reiterates intake procedures for FHA complaints and connects them to the United States Supreme Court's opinion in *Bostock v. Clayton County, Ga.*, 140 S.Ct. 1731 (2020). Moreover, the Memorandum does not specify how HUD will determine FHA liability based on *Bostock* in any specific factual setting or considering potential exemptions. As such, Plaintiff's Motion fails to establish the element of traceability to the action of Defendants fact as required to establish Article III standing. *Yeransian*, 984 F.3d at 637.

## III. Redressability

Even if Plaintiff could establish causation, Plaintiff's motion fails for lack of redressability because enjoining Defendants from following or applying the Memorandum would not foreclose the possibility that Plaintiff could be held liable for violation of the FHA.

Any potential liability Plaintiff incurs for violating the FHA would flow directly from the Act itself, as well as applicable case law including *Bostock*, and not from the Memorandum. Enjoining Defendants from "applying" the Memorandum by accepting and investigating complaints would not foreclose the possibility that Plaintiff could be held liable for FHA violations. Even without the Memorandum, individuals remain free to bring claims for FHA violations through private actions, and courts would remain free to adjudicate them under the statute and *Bostock*, without necessarily involving Defendants. The relief Plaintiff seeks, to "[e]njoin the Memorandum and any enforcement of it by Defendants[,]" would not preclude investigations and enforcement by the recipients of the Memorandum. Such investigations and enforcement may occur independent of the Memorandum, initiated and executed instead pursuant only to the authority of the FHA and the guidance of Executive Order 13988. Simply put, Plaintiff is seeking an advisory opinion from this Court declaring it cannot be liable for housing discrimination. Such an opinion would not shield Plaintiff from all liability and is outside the

5

constitutional authority of the Court. Therefore, because the remedy sought cannot redress Plaintiff's alleged injury, Plaintiff lacks standing. *Uzuegbunam*, 141 S. Ct. at 801.

## IV. Standing and Subject Matter Jurisdiction as to Plaintiff's Remaining Claims

Given the context of the above analysis of Plaintiff's claims included in its motion for temporary restraining order and preliminary injunction, the Court *sua sponte* considers its subject matter jurisdiction as to the remaining claims in Plaintiff's verified complaint. *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1849 (2019) (courts must consider subject matter jurisdiction *sua sponte*); *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) ("We are obligated to consider *sua sponte* our jurisdiction to entertain a case where, as here, we believe that jurisdiction may be lacking.")

Each of Plaintiff's Claims 4, 7, 8, and 9 challenge the Memorandum; any application or enforcement of the FHA, HUD regulations, or the Memorandum to discrimination because of sexual orientation or gender identity; and the FHA, and HUD's implementing regulations as violating federal statutes and the Constitution. However, as with the claims Plaintiff chose to include in its request for interim relief, these claims fail for lack of standing due to Plaintiff's inability to establish an injury-in-fact. Plaintiff has not shown in its verified complaint that it "has sustained, or is in immediate danger of sustaining, a concrete and particularized harm that is actual or imminent, not conjectural or hypothetical." *Philadelphia Indem. Ins. Co.*, 2020 WL 4819949, at *1 (internal quotation marks omitted). Plaintiff has not alleged it is being investigated, charged, or otherwise subjected to any enforcement action pursuant to the Memorandum; any application or enforcement of the FHA, HUD regulations, or the Memorandum to discrimination because of sexual orientation or gender identity; or the FHA, and HUD's implementing regulations. Plaintiff has not plausibly alleged any indication that such potential situation is imminent.

Because Plaintiff fails to establish standing for each of the claims in its verified complaint, this Court lacks subject matter jurisdiction over this case.

6

**Conclusion**

After careful consideration of the law, Plaintiff's verified complaint, and the parties' legal briefing and arguments, the Court **ORDERS:**

(1) Plaintiff's motion for temporary restraining order and preliminary injunction is **DISMISSED.**[2]

(2) This case is **DISMISSED.**

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: June 4, 2021

---

[2] Even if Plaintiff had established standing and this Court had jurisdiction, the Memorandum does not carry the force of law because it has no legal consequences of its own accord. Rather, it is a general statement of policy. The Memorandum thus does not violate the First Amendment as it does not restrict speech.